# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### London Division

| | | |
|---|---|---|
| Roslyn Currier ) | | |
|     *Plaintiff* ) | | |
| ) | | |
| v. ) | Case No. | |
| ) | | |
| First Resolution Investment, Corp. ) | | |
|     *Defendant* ) | | |
| ) | | |
| Serve: ) | | |
| ) | | |
|     C T Corporation System ) | | |
|     306 W Main St ) | | |
|     Suite 512 ) | | |
|     Frankfort, KY 40601 ) | | |
| ) | | |
| ) | | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking damages for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Defendant, First Resolution Investment, Corp. ("First Resolution"), violated the FDCPA by unlawfully filing a judicial lien on Plaintiff's, Roslyn Currier, real property to collect a debt from her. Contrary to law, First Resolution filed the judicial lien on Ms. Currier's property (1) before 10 days has passed since the entry of the judgment, and (2) on a non-final default judgment, which judgment was subsequently vacated.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4. Plaintiff, Roslyn Currier ("Plaintiff"), is a natural person who resides in Jackson County, Ky. Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant, First Resolution Investment Corp., ("First Resolution"), is a foreign corporation, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. First Resolution's principal place of business is 400-2985 Virtual Way, Vancouver, B.C., CD V5M 4X7.

6. First Resolution regularly collects or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7. On May 23, 2012, First Resolution filed suit against Ms. Currier in Jackson District Court, Case No. 12-C-00080. (A copy of the Complaint is attached as Exhibit "A.").

8. The Complaint was based on a charged-off credit card debt, originally issued by Chase Bank USA, N.A. ("Chase").

9. Ms. Currier used the Chase credit card to purchase goods and services used for personal and household purposes.

10. First Resolution's Complaint against Ms. Currier was an attempt to collect a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

11. First Resolution served the Summons and Complaint on Ms. Currier on July 25, 2012.

12. Less than a month later, on August 22, 2012, First Resolution moved for default judgment against Plaintiff and noticed the motion to be heard on October 1, 2012.

13. Undersigned counsel filed an objection on Plaintiff's behalf and filed a motion for enlargement of time to file an Answer and Counterclaim.

14. Counsel had a conflict and could not attend the October 1, 2012 hearing.

15. Counsel arranged for local counsel to appear at the motion, but local counsel failed to appear.

16. As a result of local counsel's non-appearance, the Jackson District Court entered default judgment against Plaintiff. (A copy of the default judgment is attached as Exhibit "B").

17. On September 19, Plaintiff filed a motion under Kentucky CR 55.02 and CR 59.05 to vacate the Default Judgment entered in this case on Monday, October 1, 2012. Counsel also moved under CR 6.02 for an enlargement of time to file Ms. Currier's tendered Answer and Counterclaim. (A copy of the CR 59.05 and CR 55.02 motion to vacate is attached as Exhibit "C").

18. The timely filing of Ms. Currier's CR 59.05 motion stayed the finality of the default judgment until the trial court ruled on the motion. *Gullion v. Gullion*, 163 S.W.3d 888, 891 (Ky. 2005).

19. On October 8, 2012, First Resolution filed a judicial lien on Plaintiff's personal residence. (A copy of the judicial lien is attached as Exhibit "D").

20. First Resolution filed the judicial lien in attempt to collect a debt from Plaintiff.

21. By filing the lien seven days after the entry of the default judgment, First Resolution violated KRS 426.030, which provides that "[n]o execution shall issue on any judgment, unless ordered by the court, until after the expiration of ten days from the rendition thereof."

22. By filing the lien before the default judgment was final, First Resolution violated KRS 426.720, which provides that only "[a] *final* judgment for the recovery of money or costs in the courts of record in this Commonwealth, whether state or federal, shall act as a lien upon all real estate in which the judgment debtor has any ownership interest . . . ."

23. On October 29, 2012, the trial court held a hearing on Plaintiff's CR 59.05 and CR 55.02 motion to vacate.

24. The trial court granted Plaintiff's motion to vacate from the bench and her motion for enlargement of time.

25. On November 7, 2012, the Jackson District Court entered the order vacating the October 1, 2012 default judgment. (A copy of the order vacating is attached as Exhibit "E").

**Claims for Relief: Violation of the Fair Debt Collection Practices Act**

26. The foregoing acts and omissions of First Resolution constitute violations of the FDCPA, including, but not limited to:

    (a) First Resolution violated 15 U.S.C. § 1692f(1) by attempting to collect an amount on a debt not permitted by law by wrongfully filing a judicial lien on Plaintiff's real property, and thereby attempting to collect a debt by a means not permitted by law;

    (b) First Resolution employed unfair and/or unconscionable means to collect an alleged debt from Plaintiff in violation of 15 U.S.C. § 1692f law by wrongfully filing a judicial lien on Plaintiff's real property; and

-3-

(c)     First Resolution violated 15 U.S.C. § 1692e(5) law by wrongfully filing a judicial lien on Plaintiff's real property, and thereby taking an action that cannot be legally taken in attempt to collect a debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Roslyn Currier, requests the Court grant her relief as follows:

a.     Award Plaintiff actual damages;

b.     Award Plaintiff statutory damages;

c.     Award Plaintiff reasonable attorney's fees and costs

d.     A trial by jury; and

e.     Such other relief as may be just and proper.

Respectfully Submitted,

_____
**James R. McKenzie**
*Pedley & Gordinier, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
jmckenzie@pedleylaw.com
Tel:    (502) 214-3120
Fax:    (502) 214-3121

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
(502) 473-6525
Email: james@kyclc.com