UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 12-223-DLB

ROSLYN CURRIER                                                                          PLAINTIFF

vs.                          MEMORANDUM OPINION & ORDER

FIRST RESOLUTION INVESTMENT CORP.                               DEFENDANT

*** *** *** ***

This is a Fair Debt Collection Practices Act case that arises out of Defendant's attempt to collect on a default judgment entered against Plaintiff-debtor in Jackson District Court. This matter is presently before the Court on Defendant First Resolution Investment Corporation's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. # 4). The motion has been fully briefed (Docs. # 7, 8), and is thus ripe for the Court's consideration. Because Plaintiff has failed to plead a plausible claim under the Fair Debt Collection Practices Act, Defendant's motion will be **granted** and this case will be **dismissed**.

## I. FACTUAL BACKGROUND

On May 23, 2012, Defendant First Resolution Investment Corporation ("First Resolution") filed a debt -collection action against Plaintiff Roslyn Currier in Jackson District Court.[1]  Currier failed to answer or otherwise respond within the time proscribed by

---

[1] The following facts are drawn from the face of the Complaint, documents attached to the Complaint, and documents attached to Defendant's motion to dismiss that are referenced in the Complaint. *See Weigner v. Klais and Co., Inc.*, 108 F.3d 86, 88-89 (6th Cir. 1997) (holding that documents a defendant attaches to a

Kentucky Rule of Civil Procedure 12.01, prompting First Resolution to move the court to

enter a default judgment.  Thereafter, Currier moved for an enlargement of time to file an

answer and counterclaim, and also objected to entry of a default judgment.

The parties' respective motions were called before the court for a hearing on

October 1, 2012.  Currier's counsel failed to appear at the hearing.  As a result, the court

denied Currier's motions for an enlargement of time to file an answer and counterclaim, and

granted First Resolution's motion for default judgment.  The default judgment stated in

pertinent part:

> [I]t is considered and adjudged that the plaintiff, First Resolution Investment
> Corp., recover of the defendant Roslyn Currier, the sum of $1,000.51 plus
> interest at the rate of 21.00 % per annum from September 28, 2006 until date
> of judgment, then 21 % per annum thereafter from the date of judgment until
> paid, and further sum of $220.11 attorney's fees pursuant to KRS 286.3-750
> and it's court cost, for all of which execution may issue forthwith.
>
> This is a final Judgment and there is no just reason for delay.

(Doc. # 4-3).

On October 5, 2012,[2] Currier moved the Jackson District Court to vacate the default

_____

motion to dismiss are considered part of the pleadings, and properly considered on a motion under Rule
12(b)(6), if they are referred to in the plaintiff's complaint and are central to plaintiff's claim).

[2]  Although Currier's complaint alleges that this motion was filed on September 19, 2012,  (Doc. # 1
at ¶ 17), the state-court docket sheet reveals that the motion was actually filed on October 5, 2012.  (Doc. #
4-2 at 2).  This latter date makes sense.  There would have been no reason for Currier to move to set aside
a default judgment before it was entered.  In fact, the motion itself asks the Court to "vacate the Default
Judgment entered in this case on Monday, October 1, 2012," indicating that it was both drafted and filed after
October 1, 2012.  Currier appears to acknowledge this factual inconsistency in her response to the motion to
dismiss when  she states that her motion to set aside the default judgment was filed by the Jackson District
Court on October 5, 2012.  (Doc. # 7 at 3).
     Although the Court is generally  required to accept factual allegations in the Complaint as true in
adjudicating a motion to dismiss, the Court need not accept as true allegations that are contradicted by public
record.  *United States v. Southern California Edison Co.*, 300 F. Supp. 2d 964, 970 (E.D. Cal. 2004) (citing
*Mullis v. United States Bankruptcy Ct.*, 825 F.2d 1385, 1388 (9th Cir. 1987)).  The date that Currier filed her
motion to vacate the default judgment is a matter of public record and contradicts the date stated in the
Complaint.  Therefore, the date stated in the Complaint will be disregarded, and the date contained on the
Jackson District Court docket sheet – October 5, 2012 – will be accepted as true.  This conclusion does not

judgment pursuant to Kentucky Rule of Civil Procedure 59.05, and again moved for an enlargement of time to file her answer and counterclaim.  Two days later, First Resolution mailed a notice of judgment lien on Currier's real property to the Jackson District Court, which was filed on October 11, 2012.   Thereafter, the Jackson District Court granted Currier's motion to vacate the default judgment and permitted her additional time to answer or otherwise respond to the complaint.[3]

Seven days after the Jackson District Court granted Currier's requested relief, Currier filed the instant action under the Fair Debt Collection Practices Act ("FDCPA").  By her Complaint, Currier alleges that First Resolution wrongfully sought a judgment lien on her real property in violation of two Kentucky statutes – KRS §§ 426.030 and 426.720 – which, in turn, violated her rights under the FDCPA, codified at 15 U.S.C. § 1692f, 15 U.S.C. § 1592f(1), and 15 U.S.C. §1692e(5).  First Resolution has moved to dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  ANALYSIS

### A.    Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

prejudice Currier because it is irrelevant to the Court's holding.

[3]  The result of the state civil action is unknown and otherwise irrelevant to the presently-pending motion to dismiss.

alleged." *Id.* This requires more than a showing of "sheer possibility that a defendant has acted unlawfully." *Id.*

> **B.     Prima Facie FDCPA Claim**

To establish a *prima facie* case for a violation of the FDCPA, Currier must prove four essential elements:

> (1)      that she is a natural person who is harmed by violations of the FDCPA, or is a "consumer" within the meaning of 15 U.S.C. §§ 1692a(3), 1692(d) for purposes of a cause of action;

> (2)      the "debt" arises out of a transaction entered primarily for personal, family, or household purposes;

> (3)      First Resolution is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and

> (4)      First Resolution has violated, by act or omission, a provision of the FDCPA.

*Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 938-39 (N.D. Ohio 2009).

In its motion to dismiss, First Resolution only challenges whether Currier's Complaint has sufficiently pled the fourth element – whether First Resolution violated a provision of the FDCPA. Therefore, the Court need not address the first three elements. Instead, the Court will only consider whether the factual allegations support a plausible violation of 15 U.S.C. § 1692f, 15 U.S.C. § 1592f(1), and/or 15 U.S.C. §1692e(5).

> **C.     15 U.S.C. § 1692f**

Section 1692(f) of Title 15 of the United States Code prohibits a debt collector from using "unfair and unconscionable means to collect or attempt to collect any debt." The statute provides a non-exhaustive list of conduct that Congress has deemed to run afoul

of this general prohibition.  *See* 15 U.S.C. §§ 1692f(1)-(8).  However, the general rule has

force by itself and is not circumscribed by this list.  The difficulty, though, is determining

what conduct is "unfair and unconscionable."  The statute is silent on this point and no

Circuit Court has attempted to define this vague standard.  *Beler v. Blatt, Hasenmiller,*

*Leibsker & Moore, LLC,* 480 F.3d 470, 473-75 (7th Cir. 2007).

Currier posits that it is "unfair and unconscionable" to file a notice of judgment lien

in violation of Kentucky statutory law.  The focus of the parties' briefing is on whether First

Resolution did, in fact, violate KRS 426.030 and/or KRS 426.720 by filing the notice of

judgment lien. Currier asserts that the finality of the Jackson District Court's default

judgment was stayed when she filed a motion to vacate the default judgment pursuant to

Kentucky Rule of Civil Procedure 59.05.  *See Gullion v. Gullion*, 163 S.W.3d 888, 891 (Ky.

2005) ("[T]his Court has made clear that a ruling on a post-judgment motion is necessary

to achieve finality, and procedurally, a CR 59.05 motion stays finality until the motion is

ruled upon.").  Additionally, Currier contends that First Resolution was not permitted by

either KRS 426.030 or KRS 426.720 to file a notice of judgment lien after the finality of the

default judgment was stayed.  The parties' briefing does not address the more fundamental

and important question of whether this conduct is "unfair and unconscionable" and, thus,

actionable under 15 U.S.C. § 1692f.

The Seventh Circuit Court of Appeals had the occasion to address a similar question

in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*.  There, an Illinois state court entered

a judgment against the debtor.  *Beler*, 480 F.3d at 472.  The debtor failed to pay the

judgment, prompting the debt collector to send a Citation to Discover Assets to a bank

where the debtor had a checking account whose balance exceeded the amount owed.  *Id.*

The Citation informed the bank that any assets exempt from execution under state or federal law should not be turned over.  *Id.*  The bank froze the account, not knowing which funds might be exempt.  *Id.*

The debtor filed two FDCPA claims in Federal district court as a result of the collection attempt.  *Id.*  According to the debtor, the entire account balance was exempt because it contained payments from the Social Security program.  *Id.*  She asserted that it was "unfair and unconscionable" for a debt collector to collect funds that are exempt under both federal and state law.  *Id.* at 473-74.  Or, as the Seventh Circuit described it, "[the debtor's] theory is that it is 'unfair' or 'unconscionable' for a debt collector to violate any other rule of positive law."  *Id.* at 473-74.

The Seventh Circuit rejected the debtor's argument on two grounds, one of which is relevant here.  The court held that "§ 1692f creates its own rules (or authorizes courts and the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and federal law."  *Id.*  Thus, if the debt collector "violated the Social Security Act, that statute's rules should be applied.  Likewise if the [debt collector] violated Illinois law."  *Id.*  While "unfair and unconscionable" as used in § 1692f are ambiguous terms, the Seventh Circuit held that the statute "does not take a state-law dispute and move it to federal court . . . ."  *Id.*

At least one district court within the Sixth Circuit has followed *Beler*, refusing to find that a violation of another federal statute is actionable under § 1692f.  In *Large v. LVNV Funding, LLC*, a debtor sued under § 1692f, alleging it was "unfair" or "unconscionable" for a creditor to violate the Truth in Lending Act ("TILA").  *Large v. LVNV Funding, LLC*, No. 1:09-cv-689, 2010 WL 3069409, at *4 (W.D. Mich. Aug. 2, 2010).  The court favorably cited

*Beler*, finding that "the FDCPA is not properly used as an enforcement mechanism for the TILA." *Id.*  Thus, the court held that the debtor did not state a claim under the FDCPA by alleging a violation of the TILA. *Id.*

The Court finds the analysis in *Beler* and *Large* to be both applicable and persuasive to the instant dispute.  Here, Currier's § 1692f claim is premised on First Resolution's alleged violation of Kentucky statutory law.  As the Seventh Circuit held, the general prohibition of § 1692f does not take a state-law dispute and move it to federal court. Currier has not shown that First Resolution's conduct, in and of itself, violates § 1692f of the FDCPA.  *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (holding that a violation of state law does not constitute a *per se* violation of the FDCPA; rather, the conduct giving rise to the state law violation must also violate the relevant provision of the FDCPA).  In fact, Currier has offered no argument or case law to suggest that this conduct is either "unfair" or "unconscionable" pursuant to § 1692f.  Nor does the Court find that this is the type of conduct proscribed by the Act.  As a result, Currier has failed to state a claim under § 1692f's general prohibition against "unfair or unconscionable means to collect or attempt to collect a debt."

### D.    15 U.S.C. § 1692f(1)

Currier also alleges that First Resolution violated the specific prohibition of § 1692f(1). That subsection prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).  "In other words, if the agreement does not expressly authorize or state law does not permit the *amounts sought*, Plaintiff has stated a viable claim under § 1692f(1)."

7

*Chulsky v. Hudson Law Offices*, 777 F. Supp. 2d 823, 832 (D.N.J. 2011) (emphasis added) (internal citations omitted); *see also Todd v. Weltman, Weinberg & Reis, Co., L.P.A.*, 348 F. Supp. 2d 903, 914 n. 10 (S.D. Ohio 2004).  Currier asserts that First Resolution violated this subsection by filing a notice of judgment lien that was "not permitted by law."

Currier has failed to state a claim under § 1692f(1).  Rather than challenge the *amount* sought, Currier's claim challenges the *method* in which First Resolution attempted to collect the debt.  This type of claim is routinely dismissed on 12(b)(6) grounds.  For example, in *Wilson v. Asset Acceptance, LLC*, 864 F. Supp. 2d 642 (E.D. Ky. 2012), a debtor brought a claim under § 1692f(1) challenging the source from which the defendant attempted to collect the judgment, rather than the amount the defendant attempted to collect.  *Id.* at 645.  The court held that "[b]ecause Plaintiff does not allege that Defendant sought to collect an amount greater than that owed, he failed to state a claim under § 1692f(1)."  *Id.*  at 645.  *See also Taylor v. Midland Credit Mgmt., Inc.*, No. 1:07-cv-582, 2008 WL 544548, at *4 (W.D. Mich. Feb. 26, 2008) ("[B]y its terms § 1692f(1) addresses the abuse practice of collecting an amount greater than that which is owing," thus, "where the amount being collected by the collection was not different than the amount owed, § 1692f(1) was inapplicable to the plaintiff's claim . . . ."); *Gaetano v. Payco of Wisconsin, Inc.*, 774 F. Supp. 1404, 1415-16 (D. Conn. 1990) (finding that  challenge to collector's authorization to collect a debt was not actionable under § 1692f(1) because that provision focuses on the amount of the debt to be collected); *Chulsky*, 777 F. Supp. 2d at 832 ("Because [plaintiff's] allegations do not speak to the amount sought, they do not state a claim under § 1692f(1).").  While the facts of *Wilson* may differ from the instant case, its general holding is immediately relevant: Currier has failed to plead a plausible claim under

8

§ 1692f(1) because she failed to plead any facts which demonstrate that First Resolution attempted to collect an *amount* that was not authorized by the agreement or permitted by law.

Despite the overwhelming precedent that supports the Court's holding, Currier relies on the Tenth Circuit Court of Appeals decision in *Carter v. Daniels*, 91 F. App'x 83 (10th Cir. 2004) to argue that her § 1692f(1) claim is actionable.  According to Currier, the *Carter* Court found that a "complaint stated a viable claim under the FDCPA when it alleged that the defendant debt collector violated 15 U.S.C. § 1692f by threatening to execute on the plaintiff's property without a present right of possession because the underlying judgment lien was not bonded as required under state law."  (Doc. # 7 at 9).  However, the *Carter* Court did not reach such a holding.  Instead, the *Carter* Court addressed two issues: (1) whether the district court improperly considered evidence outside of the complaint in adjudicating the defendant's Rule 12(b)(6) motion and (2) whether the complaint adequately pled that the defendant was a "debt collector" as defined by the FDCPA. *Carter*, 91 F. App'x at 86.  Neither of these issues are relevant to the dispute between Currier and First Resolution; Currier's reliance on *Carter* is therefore misplaced.

### E.    15 U.S.C. § 1692e(5)

Currier's final FDCPA claim proceeds under the same theory.  According to Currier, "First Resolution violated 15 U.S.C. § 1692e(5) . . . by wrongfully filing a judicial lien on Plaintiff's real property, and thereby taking an action that cannot be legally taken in attempt to collect a debt."  (Doc. # 1 at 4).  Section 1692e(5) prohibits "[t]he threat of any action that cannot be legally taken or that is not intended to be taken."  To establish a claim under this statute, the plaintiff must set forth facts to support two elements: (1) a threat to take an

action against the consumer; and (2) a showing that (a) the action cannot be legally taken or (b) a showing that the debt collector did not actually intend to undertake the threatened action. *Samples v. Midland Credit Mgmt., Inc.*, No. 3:12-cv-99, 2012 WL 2576392, at *10 (M.D. Tenn. July 2, 2012). By its motion to dismiss, First Resolution argues that the factual allegations in the Complaint do not show a "threat" or an "action that cannot be legally taken."

The FDCPA does not define what constitutes a "threat." The Sixth Circuit has not defined the contours of the word either. A "threat" is easily found where a debt collector sends a communication to a debtor that explicitly states some future civil or criminal action will be taken against the debtor unless the debt is paid. *See, e.g., Gradisher v. Check Enforcement Unit, Inc.*, 210 F. Supp. 2d 907, 915-17 (W.D. Mich. 2002). To the contrary, district courts routinely find there is no "threat" to take an unlawful action when the action is *actually taken. See, e.g., Delawder v. Platinum Financial Services Corp.*, 443 F. Supp. 2d 942, 948 (S.D. Ohio 2005) (collecting cases). For instance, in *Delawder*, the district court held there was no threat when a debt collector actually filed a civil complaint that was not permitted by law. *Delawder, supra.*

This distinction between a "threat" and "action" or an "attempt" was relatively clear among district courts within the Sixth Circuit until a panel of the Sixth Circuit Court of Appeals decided *Glonis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007), an unpublished decision. In *Glonis*, the panel cautioned that "threats" and attempts to take unlawful action are not necessarily mutually exclusive concepts. *Id.* at 28. There, a debt collector filed a debt-collection action in Ohio state court, and attached an affidavit to the complaint stating that the credit card agreement permitted it to recover attorneys fees

10

"to the extent permitted by applicable law." *Id.* at 25.  Under Ohio law, though, attorneys fees are not recoverable in connection with a claim involving personal, family, or household debt.  *Id.* The panel found that the affidavit constituted a "threat," and that any attempt to describe it as an "attempt" rather than a "threat" was "essentially wordplay." *Id.* at 29.  "This is so," the panel explained, "because even if the least sophisticated consumer would view the Affidavit's attorney fees language as an actual 'attempt' to collect attorney fees, the attempt would nonetheless embody an ongoing threat that likely higher attorneys fees would be assessed as long as the litigation continues - an action that cannot be taken in Ohio." *Id.*[4]

In a factually analogous case to the case *sub judice*, a court within the Eastern District of Kentucky recently had occasion to grapple with meaning of "threat" in the wake of *Glonis*.   In *Wilson*, *supra*, a debt collector filed a debt-collection action in state court and received a judgment in its favor.  *Wilson,* 864 F. Supp. 2d at 643.  Subsequently, upon the debt collector's motion, the state court issued an order of wage garnishment to the debtor's out-of-state employer.  *Id.*  The debtor then filed an FDCPA lawsuit in the Eastern District of Kentucky, arguing that the Kentucky state court did not have jurisdiction over wages earned out of state and its garnishment order was, therefore, not permitted by law.  *Id.*  The debtor asserted that the debt collector violated § 1692e(5) by seeking the garnishment order because it amounted to a threat to take action that was not permitted by law.  *Id.* at 644.

---

[4] The Sixth Circuit had occasion to consider whether *Glonis* was properly decided in *Barney-Snyder v. Weiner*, 539 F.3d 327 (6th Cir. 2008), but instead chose to distinguish the cases on factual grounds.

The *Wilson* Court held that the debt collector did not violate § 1692e(5) by seeking a wage garnishment from an out-of-state employer. *Id.* at 644. As the court explained,

> rather than threatening action intended to induce payment of a disputed debt, Defendant merely sought to enforce a final judgment that had already entered in its favor. While the procedural correctness of Defendant's method of enforcement may be disputed, this clearly is not the type of debt collection activity from which the FDCPA is designed to protect. Regardless of the state court's in rem jurisdiction over the funds to be garnished, there is no suggestion that Defendant's attempt to enforce the judgment in its favor involved any false, deceptive, or misleading representations and, thus, Defendant's conduct does not constitute a "threat" as contemplated by the Act.

*Id.* at 644-45.

The Court finds *Wilson* to be persuasive here. Much like *Wilson*, First Resolution did not threaten to take an action that intended to induce payment of a disputed debt, as the FDCPA was designed to protect. *See Glonis*, 238 F. App'x at 29. Rather, First Resolution merely sought to enforce the judgment – whether final or non-final – that had been entered in its favor. Just as the *Wilson* Court concluded that the improper wage garnishment issued to the out-of-state employer did not constitute a "threat", so too does this Court conclude that the notice of judgment lien – whether properly filed or not – was not a "threat" and, thus, not actionable under § 1692e(5).

This conclusion does not run afoul of the *Glonis* Court's fear that distinguishing between a "threat" and "attempt" might amount to mere "wordplay." In *Glonis*, the debt collector attached an affidavit to its state-court complaint which stated that the debt collector was permitted to recover reasonable attorney's fees "to the extent permitted by law." *Glonis*, 238 F. App'x at 29. The court held that the affidavit constituted a continuing threat that attorney's fees would accrue if the debt was not paid. *Id.* Here, in contrast, the

12

notice of judgment lien did not threaten any such future consequences of failing to pay a debt.  Rather, First Resolution's actions were an attempt to collect the debt owed and nothing more.  As *Glonis* recognizes, an attempt to collect a debt that does not also amount to a threat is not actionable under § 1692e(5).  *See Glonis*, 238 F. App'x at 28 ("But, in this context, 'attempts' and 'threats' are not necessarily mutually exclusive concepts, . . . .").

Additionally, Currier's reliance on *Broughton v. Weltman, Weinberg & Reis, Co., L.P.A.,* No. 8:10-cv-2879-T-23EAJ, 2011 WL 1211461 (M.D. Fl. Mar. 31, 2011) in support of her § 1692e(5) claim is misplaced for two reasons.  First, as an unpublished decision from a district court outside the Sixth Circuit, the decision has little precedential value.  Second, and more importantly, the facts of *Broughton* are clearly distinguishable.  There, the debt collector "demanded" that the debtor ask his family members to pay the debt, and told the debtor that, "if he failed to pay the debt, the [debt collector] would procure a lien on the [debtor]'s home and garnish the [debtor]'s wages."  *Id.* at *1.  Because it was legally impossible to obtain a lien on the debtor's home under state law, the district court held this "threat" was actionable under § 1692e(5).  *Broughton*, however, involves an easy application of whether a "threat" was made; the debt collector made an oral threat to take future action if the debtor did not pay the debt.  That is not the case here.  First Resolution actually sought a judgment lien after receiving a judgment from the state court.  *Broughton* offers no guidance on whether this conduct is a "threat" under § 1692e(5) and, thus, adds no value to Currier's claim.

In the end, First Resolution's attempt to execute the Jackson District Court's judgment did not amount to a "threat."  Because the Complaint does not plead facts to demonstrate a "threat" was made, the Court need not address the second element of a §

13

1692e(5) claim–whether the action could legally be taken.   Failing to plead facts to support the first element alone compels the conclusion that Currier has failed to pled a viable claim against First Resolution pursuant to 15 U.S.C. § 1692e(5).

### III.   CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)      Defendant First Resolution Investment Corporation's Motion to Dismiss (Doc. # 4) is hereby **GRANTED**;

(2)      This matter is hereby **DISMISSED WITH PREJUDICE**, and stricken from the Court's active docket.

This 3rd day of July, 2013.

Signed By:

*David L. Bunning*   DB

**United States District Judge**

G:\DATA\Opinions\London\12-223 MOO granting mtn to dismiss for failure to state a claim.wpd